**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                      No. 99-4071

BRIAN ADAIR FULLER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-97-69)

Submitted: December 22, 1999

Decided: February 9, 2000

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David L. Heilberg, Charlottesville, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Nancy S. Healey, Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Brian Adair Fuller appeals from his convictions and sentence for conspiracy to possess with the intent to distribute and to distribute cocaine and crack cocaine, 21 U.S.C. § 846 (1994), and using a firearm during and in relation to a drug trafficking crime, 18 U.S.C.A. § 924(c) (West Supp. 1999). We have reviewed the record, find no reversible error, and affirm his convictions and sentence.

Fuller claims that the district court plainly erred when it did not, sua sponte, order a mistrial or give a curative instruction when his co-defendant's counsel erroneously included Fuller's name in a recitation to a witness of the conspirators who had entered guilty pleas. We conclude that the court did not err in declining to intervene both because the inclusion of Fuller's name was an obvious misstatement and counsel and the witness clarified to the jury in the same sequence of questioning that Fuller had not entered a guilty plea. Further, even assuming for the purposes of this appeal that the court's failure to act constituted plain error, we find that this error did not affect Fuller's substantial rights given the volume of evidence supporting his convictions. See United States v. Ford, 88 F.3d 1350, 1355-56 (4th Cir. 1996). Moreover, Fuller's claim that his attorney provided ineffective assistance by failing to object is not conclusively apparent from the face of the record, and hence, is not reviewable on direct appeal. See United States v. Hoyle, 33 F.3d 415, 418-19 (4th Cir. 1994).

We also find that the district court properly denied Fuller's motion to exclude evidence relating to drugs destroyed by a police officer prior to trial because Fuller failed to show that the officer acted in bad faith when he inadvertently authorized the destruction. See Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988).

We grant Fuller's motion to strike the portions of the Government's supplemental joint appendix containing a transcript that was not included in the trial record. See generally Fed. R. App. P. 10(a). We affirm Fuller's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately pre-

2

sented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3